## SUPREME COURT.

The Board of Commissioners of Excise of Chenango County agt. James McCullough.

Before an *answer*, which is relevant, can be striken out as *sham*, it is necessary for the plaintiff to show that it is *false*.

A defendant's answer, "upon information and belief," where it is required to be a general or specific denial, does not show conclusively that the answer is sham; these words may be treated as redundant.

On a motion to strike out an answer as *sham*, it is proper for the defendant to show by *affidavit* that it is true, or might be true, and that it was interposed in good faith and not for the purpose of delay in the action.

*Broome General Term, submitted July,* 1869.

*Before* Balcom, Boardman *and* Parker, *Justices.*

Appeal by plaintiffs from an order, made at the Delaware special term of this court, in February, 1869, denying plaintiffs' motion to strike out the answer of the defendant in the action, "as false, sham and irrelevant," with $10 costs.

H. H. Harrington, *for plaintiffs.*

Geo. W. Marvin, *for defendant.*

*By the court,* Balcom, P. J.—The causes of action alleged in the complaint, were for penalties for defendant selling strong and spirituous liquors, in quantities less than five gallons at a time, without having a license therefor granted according to law, at Norwich, in the county of Chenango, in October and November, 1868, contrary to and in violation of § 13 of chap. 628 of the laws of 1857, entitled, "An act to suppress intemperance and to regulate the sale of intoxicating liquors."

The complaint was verified by one of the commissioners of excise of Chenango county.

The answer of the defendant to the complaint was as follows, viz.: "the defendant in the above-entitled action, in answer to the plaintiffs' complaint, *upon information and belief*, denies each and every allegation contained in each and every cause of action therein."

The answer was verified by the defendant, as follows; viz.: "James McCullough, the above-named defendant, being duly sworn, deposes and says, that the foregoing answer is true of his own knowledge, except as to those matters stated on information and belief, and as to those matters he believes it to be true."

An affidavit of the defendant was read in opposition to the motion, (subject to the objection of the plaintiffs' counsel,) in which the defendant stated, he was a dealer in groceries and provisions, doing business at Norwich, Chenango county, New York, and had several clerks in his employ; that he interposed, without the purpose of fraud or delay, an answer to the plaintiffs' complaint, denying, upon information and belief, each and every allegation of the plaintiffs' complaint; that he was not able to deny the same upon his own knowledge, for the reason that at the time or times, mentioned in the complaint, of the alleged sales he was absent from home, and was on his way to or was in the city of New York; that he told his clerks not to sell any liquor whatever, on the day that he started for New York; that such clerks had informed him, and he believed the same true, that they did not sell any liquor whatever, as he charged them not to do; he then added the usual affidavit of merits.

It is provided by sub. 1 of § 149 of the Code, "That the answer of the defendant must contain; 1, a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief."

The answer was verified in the manner prescribed by § 157 of the Code.

The motion to strike out the answer was made under § 152 of the Code, which section is that: "Sham and irrelevant answers and defenses may be striken out on motion, and upon such terms as the court may in their discretion impose."

The court of appeals decided in *The People* agt. *McCumber*, (18 *N. Y.*, 315,) that an answer denying a material allegation in the complaint may be striken out as sham, although duly verified.

The objection that the defetdant's affidavit in support of his answer, and showing that he was charged with acts that might or might not have been done in his absence from his place of business, by his clerks, could not be read in opposition to the motion to strike out the answer, and that if such an affidavit was proper it should have been annexed to the answer, was properly overruled.

The question for the judge to determine, at the special term, was, whether the answer was sham; and it was proper for the defendant to show, by affidavit, that it was true, or might be true, and that it was interposed in good faith and not for the purpose of delay in the action.

The judge was satisfied that the answer was not false and sham, and therefore refused to strike it out.

The answer was relevant; and before it could be stricken out as sham, it was necessary for the plaintiffs to show it was false.

After the clerks of the defendant informed him they did not sell any liquor in his absence, and he believed them, he could not answer the allegations of the complaint by denying "any knowledge or information thereof sufficient to form a belief." And as he believed his clerks, when they told him they had not sold any liquor, his answer should have been, (if he was not guilty of selling any himself,) "a general or specific denial of each material allegation of the

complaint" charging him with unlawfully selling strong and spirituous liquors.

It was unnecessary for the defendant to state in his answer that his denials were "upon information and belief. But I am of the opinion the insertion of those words, in the answer, does not show conclusively that the answer was sham. Those words were redundant, and the plaintiffs, if "aggrieved thereby," could have had them struck out, if they had made a motion for that purpose, under § 160 of the Code.

Notwithstanding those words, the answer was a general denial of each material allegation of the complaint. And it could not be adjudged sham, because the affidavit of the defendant showed it was true, or at least that it might be true, and was interposed in good faith.

My conclusion is that the affidavit of the defendant justified the judge, at special term, in holding the answer was not sham; and that the order appealed from should be affirmed with $10 costs.

So decided as of the July General Term, 1869.